## SUPREME COURT.

PETER MASTEN and WILLIAM M. HAYES agt. WILLIAM B. WEBB.

*Sheriff — When liable to an action by the real owners of personal property for levying upon the same on an execution against a person in whose possession the property is, under an agreement and by permission of the real owners — Such action cannot be maintained without a demand.*

Under a judgment recovered by the plaintiffs against T., and execution issued thereon, the plaintiffs had purchased the property in question, which was household furniture. They also, in the same manner, acquired title to goods in a store which had previous to that time been owned and conducted by T. From the time of the purchase T. had remained in possession of the goods (the household furniture) under an agreement by which he carried on the old business of his in the store for the benefit of the plaintiffs as their agent or clerk, at a salary, with the right to retain the furniture in his own house for the use of himself and family. The defendant, as sheriff of Ulster county, had, at the time this action was commenced, under an execution issued upon a judgment duly recovered in this court against said T., made a levy upon the furniture then in possession of T., and used by him in the dwelling-house which he occupied, but had not removed the same nor in any manner interfered therewith further than to make the levy. No demand of the possession of the property was made of the defendant prior to the commencement of this action:

*Held*, that, although plaintiffs could maintain an action to recover the possession of the property, the action could not be maintained without a demand. The mere levy upon the goods is not sufficient in itself to maintain the action.

The agreement under which T. held the property gave him no right to hold the same for any specified or definite period. He had no leviable

interest whatever therein   He was but the servant or clerk of the plaintiffs. holding the property for them during their pleasure.   The plaintiffs, therefore, were not only the owners, but were entitled to the immediate possession of the property at the time of the levy.

When a person .is in possession of and exercising acts of ownership over personal property of another, the owner cannot, until demand or notice to the sheriff, maintain an action against him for levying upon and taking it under process against the person in possession.

*Ulster Special Term, June,* 1880.

MOTION for a new trial on judges minutes.

*F. L. Westbrook* and *George Van Etten,* for defendant and motion.

*Mr. Fiero,* for plaintiff and opposed.

WESTBROOK *J.* — On the trial the following facts appeared: Cornelius J. Townsend was once the owner of the property in question, which the plaintiffs have taken from the defendant in this action, who, under an execution issued upon a judgment duly recovered in this court against said Townsend, and placed in his hands as sheriff of Ulster county for collection, had levied upon the same. ·

Under a judgment recovered by the plaintiffs against Townsend, and execution issued thereon, the plaintiffs had, in 1877, purchased the property in question, which was household furniture.   They also, in the same manner, acquired title. to goods in a store, which had previous to that time been owned and conducted by Townsend in the city of Kingston.   From the time of the purchase, Townsend had remained in possession of the goods (the household furniture) in controversy in this action, under an agreement by which he .carried on the old business of his in the store for the benefit of the plaintiffs, as their agent or clerk, at a salary of fifty dollars per month, with the right to retain the furniture in his own house for the use of himself and family.

The defendant had, at the time this action was commenced, made a levy upon the furniture then in possession of Townsend, and used by him in the dwelling-house which he occupied, but had not removed the same, nor in any manner interfered therewith, further than to make the levy. No demand of possession of the property was made of the defendant prior to the commencement of this action, and upon the trial the defendant moved for a nonsuit, upon two grounds, to wit : First. That, as Townsend was in possession under an agreement which has been stated, the plaintiffs could not maintain an action to recover the possession thereof. Second. That, at all events, the action could not be maintained without a demand.

The points were ruled *pro forma* against the defendant on the trial, and the defendant, who excepted to such ruling, having been beaten at the circuit by the jury upon the question of actual ownership, now moves for a new trial on the same grounds, which will be discussed in the order in which they have been herein stated.

The agreement under which Townsend held the property gave him no right to hold the same for any specified or definite period. He had no leviable interest whatever therein. He was but the servant or clerk of the plaintiffs, holding the property for them during their pleasure. The plaintiffs, therefore, were not only the owners, but were entitled to the immediate possession of the property at the time of the levy. This case is unlike that of *Wheeler* agt. *Train* (3 *Pickering*, 255), in which the property had been let for one year, and that of *Fairbanks* agt. *Phelps* (23 *Pickering*, 535), where the property was held under an agreement to purchase, which could only be forfeited by a neglect or failure to pay the purchase price. It is like any other case of employment, in which the party during such employment uses the property of his employer, and would be just as applicable to the case of a hired man sleeping in the bed of his hirer, were an action brought by the employer for the bed against a third

Masten agt. Webb.

person, as to the present. This objection must, therefore, be overruled.

The second point is far more serious. The defendant in the execution (Cornelius J. Townsend) was in possession of the property, which was furniture, and was actually in use by him in his own house. Apparently he was the owner, and was such apparent owner by the act and with the knowledge of the plaintiffs when the levy was made by the defendant. If, under such circumstances, a sheriff, having a valid execution against the person in possession, levies, can the true owner subject him to the costs of an action without a demand?

In *Rawley* agt. *Brown* (18 *Hun*, 456), and in many other cases, it has been held that " one purchasing in good faith, at a sheriff's sale under execution, goods in the possession of the judgment debtor, is not liable to an action brought by the true owner to recover the goods or their value, until a demand therefor has been made and refused." On what obvious principle do these decisions rest? The buyer had exercised dominion over the property; he had removed the property, and thus deprived the real owner of the enjoyment thereof. In some cases such acts would justify an action without a demand, but in these they would not, because appearances have deceived the buyer, and he is guilty of no tortious act, until the owner informs him of his rights, which he ignores.

The same principle is applicable to the present action. The sheriff acts upon appearances, which the plaintiffs aid in producing, and they have no right to subject an officer to the costs of an action until, by demand, they place the officer in the wrong. In *Williams* agt. *Loundes* (1 *Hall*, 637 [*2d edition*], *see page* 656) the superior court of the city of New York held, when the defendant in the execution was in the possession of the property, that: " It was the duty of the sheriff to make the levy without any indemnity whatever, as he found the goods in the hands of the defendant in the execution, and he would not have been liable as a trespasser if he had made such a levy. The goods were pointed out to him as the goods

of the defendant in the execution; he was exercising acts of ownership over them; they were in his exclusive custody and possession, and the sheriff would have incurred no peril from the act of levying." The case cited is exactly applicable to the present one. This action, which is for a wrongful taking by the sheriff, such taking being only a levy upon goods in the possession of the judgment debtor, without any removal thereof or any further interference therewith, can only be maintained upon the theory that the act of the sheriff was a trespass, and that is precisely what the court in *Williams* agt. *Loundes* decided it was not; and because it was not it was held that a sheriff, under such circumstances as existed in this case, "incurred no peril from the act of levying."

The doctrine that an officer who acts upon appearances of ownership by the debtor, when such appearances are with the consent of the owner of the property, is not liable for a simple levy without a demand or a claim of title by the true owner, has been repeatedly recognized by the courts in cases where the owner of the property has permitted the debtor to mingle them with his own. *Shumway* agt. *Rutter* (8 *Pickering*, 443), and *Bond* agt. *Ward* (7 *Mass.*, 123), and many others which can be found establish the rule. The principle upon which all these cases rest is, that the owner of property misleads the officer, and having misled him such owner cannot make the officer liable for an act which he has thus caused. The argument is equally sound if applied to a case like the present. The owner enables the debtor to deceive. He leaves the property in the latter's house, permits him to use it, and thus declare to the world and to the officer in particular, not in words but in acts, which, as declarations, are far more potential, that he is the owner. To hold an officer, who makes under such circumstances a simple levy in good faith, liable for a trespass would encourage a person in deceiving another to his great injury. The law, as it seems to me, cannot be guilty of such injustice.

In *Kelley* agt. *Scannell* (12 *California*, 73) and *Vose &*

Masten agt. Webb.

*Company* agt. *Stickney* (8 *Minn.*, 75), the precise point under discussion was determined. In both, to use the language of the reporter's syllabus in the latter case, it was held : "Where a person is in possession of, and exercising acts of ownership over personal property of another, the owner cannot, until demand or notice to the sheriff, maintain an action against him for levying upon and taking it under process against the person in possession."

With these two cases directly holding the necessity of a demand to the maintenance of an action of this character under the circumstances proved, and others decided in this state and in other states, establishing a principle clearly applicable to the cause to be decided, it must be held that the defendant is entitled to a new trial. There may, of course, be cases where the sheriff, though the debtor may have possession, would not be justifiable in making a levy. But in a case like the present, where the defendant in the execution has, for month after month, had furniture in his own dwelling in constant and continued use, precisely as though he was its owner, it would be most inequitable to hold that an officer who, with process against him, levies, is guilty of a trespass.

The motion for a new trial is granted, with costs to abide the event. In reaching this conclusion, however, no opinion is expressed upon the point whether there was not sufficient evidence to take the case to the jury upon the question of knowledge by the defendant of the plaintiff's rights when the levy was made. The case was not tried upon any such theory, nor was that question submitted to the jury, but the court held, as matter of law, that the mere levy upon the goods was sufficient to maintain the action, and this, as has been shown, was error.